# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2525
_____

United States of America

*Plaintiff - Appellee*

v.

Ivan Jiminez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: January 12, 2015
Filed: March 17, 2015
[Unpublished]

_____

Before LOKEN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Ivan Jiminez pleaded guilty to conspiring to distribute more than 500 grams of
methamphetamine in violation of 21 U.S.C. §§ 841(a)(1); (b)(1)(A)(viii); and 846.

At sentencing, the district court[1] found that Jiminez was accountable for distributing 59.2 kilograms of a methamphetamine, resulting in an advisory guidelines sentencing range of 292-365 months in prison. The government recommended a guidelines range sentence. Jiminez requested a downward variance based primarily on his medical diagnosis of recurring Hodgkin's Lymphoma. The district court denied the request and sentenced Jiminez to 292 months in prison. He appeals, arguing the court abused its discretion by imposing a substantively unreasonable sentence. We affirm.

In exercising sentencing discretion, the district court "shall consider" the sentencing factors enumerated in 18 U.S.C. § 3553(a), which include "the characteristics of the defendant." § 3553(a)(1). At the sentencing hearing, Jiminez told the district court that, after he was diagnosed with cancer in 2010, he participated in the methamphetamine conspiracy to pay for expensive chemotherapy treatment in this country. Defense counsel noted that Jiminez apparently had not received chemotherapy treatment while in post-arrest custody and had lost eighty pounds because he could not eat due to the pain in his throat. Acknowledging the seriousness of Jiminez's offense, counsel requested a sentence of fourteen years in prison.

The district court advised that it had reviewed one hundred pages of medical records in considering Jiminez's cancer condition. The court noted there was no showing the Bureau of Prisons would be unable to treat his condition, Jiminez had been able to participate in the drug conspiracy despite the cancer, and his most recent medical records indicated he was presently asymptomatic. Thus, the court could not find he would suffer any more in than out of prison. Further noting this was "a massive drug conspiracy" and Jiminez, an illegal alien, was a repeat drug offender, the court denied the requested variance and sentenced Jiminez to 292 months in prison, the bottom of his advisory guidelines range.

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

There was no abuse of the court's substantial discretion. A sentence within the guidelines range is presumed reasonable, and the court carefully considered the § 3553(a) factors, including Jiminez's health condition. "The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Maxwell, 664 F.3d 240, 247 (8th Cir. 2011).

We affirm the judgment of the district court.

———————————————